**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CLARA SEAMANDS, et al. | ) | |
| | ) | **Case No. 09-cv-02054-JWL-KGS** |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| SEARS HOLDINGS CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO JOIN PARTIES AND AMEND THE COMPLAINT**

COME NOW Plaintiffs and move the Court for an order allowing Plaintiffs leave to file an amended complaint that joins two defendants, adds one additional plaintiff and clarifies and modifies Plaintiffs' claims.[1]  A copy of Plaintiffs' proposed amended complaint is attached hereto as Exhibit 1.  In support hereof, Plaintiffs state as follows:

Plaintiffs desire to amend their Complaint to add Sears Outlet Stores, L.L.C. and Sears Holdings Management Corporation as separate additional defendants in order to obtain complete relief.  Although Plaintiffs are still attempting to ascertain the exact nature of the inter-relationships between the various Sears entities, these two entities appear to be at the heart of Plaintiffs' claims.  For example, Defendants agree that Sears Outlet Stores, L.L.C. is a proper party in place of current defendant Sears Holdings Corporation, and has consented to substitution in this regard.[2]  Plaintiffs, however, are not requesting substitution of these parties.  Rather, as indicated by Plaintiffs' proposed amended complaint (Exhibit 1), Plaintiffs desire to retain

---

[1]  It is Plaintiffs' understanding that the Court has already granted Plaintiffs' leave to amend their complaint. Specifically, during the hearing on Plaintiffs' Motion for Extension of time (D.E. 42) held July 28, 2009, the necessity for amending Plaintiffs' operative complaint was specifically discussed, and the Court's order following the hearing specifically stated that "Plaintiff shall file an amended complaint no later than 8/17/2009."  However, the subsequent order entered by Magistrate Judge Sebelius on August 27, 2009 with respect to Plaintiffs' second Motion for an extension of the amendment deadline (D.E. 62), appears to contemplate that Plaintiffs would file a motion for leave to amend their complaint. *Id.* at 1-2.  Therefore, in an abundance of caution, Plaintiffs file the instant Motion.
[2]  See, Defendants' Answer (D.E. 5), pg. 1, fn. 1.

separate defendant Sears Holdings Corporation as a named defendant until discovery demonstrates that entity is not a proper party.[3]  In such event, Plaintiffs will, of course, dismiss Sears Holdings Corporation.  Likewise, Sears Holdings Management Corporation appears to be an entity partially-owned by Defendant Sears, Roebuck & Co., and involved in the commission-payment process for Defendants' employees.

Plaintiffs also desire to amend their Complaint and add Thomas Hampton as a separate additional plaintiff.   Federal Rule of Civil Procedure 20 allows the permissive joinder of plaintiffs if the parties:

> "assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of occurrences and if any question of law or fact common to all these persons will arise in the action.

Federal Rule of Civil Procedure 20(a).

As set forth in Plaintiffs' proposed Amended Complaint (Exhibit 1), the claims of the existing Plaintiffs are identical to the claims of proposed plaintiff Thomas Hampton in that: they arose out of employment with the same entities/defendants, and they experienced the same damage (i.e., reduction in payment of the proper amount of commission).  Certainly, the joinder of Mr. Hampton satisfies the requirements of Fed.R.Civ.P. 20.  Accordingly, Plaintiffs desire to amend their Complaint consistent with the foregoing request for joinder of Sears Holdings Management Corporation, Sears Outlet Stores, LLC and Thomas Hampton.

Plaintiffs also desire leave to amend their currently-pleaded legal theories, and add a single new claim.  Specifically, Plaintiffs desire to amend Count I of their current operative complaint, which pleads recovery under multiple states' wage and hour laws, in order to provide

---

[3]  Discovery vis-à-vis Sears Holdings Corporation has been marginal, at best, due to Defendants' stance that such discovery is futile and unwarranted.

additional detail regarding such laws.[4]   Plaintiffs also desire to include a separate claim for conversion, based upon Defendants' conduct.

  Amendment of Plaintiffs' complaint to allow such joinder and modification clearly falls within the scope of permissible amendment.   Amendment of a complaint is governed by the provisions of Federal Rule of Civil Procedure 15 which states, in pertinent part:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

  The language of Rule 15(a) has repeatedly been interpreted to allow broad latitude in the amendment of pleadings.   In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962) the Supreme Court observed:

> Rule 15(a) declares that leave to amend '**shall be freely given when justice so requires'**; this mandate is to be heeded. (citations omitted) If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

*Davis*, 371 U.S. at 182 (citing Moore, *Federal Practice and Procedure*); [Emphasis added].

  Consistent with Rule 15, Plaintiffs respectfully suggest that the instant Motion should be granted, allowing joinder of additional parties and modification as set forth above.

  WHEREFORE, Plaintiffs pray the Court for an order joining Thomas Hampton as an additional plaintiff, joining Sears Holdings Management Corporation and Sears Outlet Stores,

---

[4]  As the Court is aware, this Count was previously the subject of a motion for more definite statement and a motion for judgment on the pleadings, both of which the Court denied as moot in light of Plaintiffs' efforts to amend their complaint.

LLC as additional defendants, allowing amendment of Plaintiffs' claims as set forth above, and

for such other relief as the Court deems just and proper.

                              Respectfully submitted,

                              Diane M. Breneman          #14125
                              Stacey L. Dungan           #13443
                              BRENEMAN DUNGAN, L.L.C.
                              311 Delaware
                              Kansas City, MO  64105
                              (816) 421-0114
                              FAX (816) 421-0112
                              db@litigationkc.com

                              and

                              ____/s/ Joseph A. Kronawitter_____
                              Robert A. Horn
                              Joseph A. Kronawitter       #19665
                              HORN AYLWARD & BANDY, LLC
                              2600 Grand Blvd., Ste. 1100
                              Kansas City, MO 64108
                              (816) 421-0700
                              FAX (816) 421-0899
                              rhorn@hab-law.com
                              jkronawitter@hab-law.com

                    **ATTORNEYS FOR PLAINTIFFS**


                    **<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on August 31, 2009, I electronically filed the foregoing with the Clerk
of Court using the CM/ECF system, which will automatically send a notice of electronic filing to
all person registered for ECF as of that date.


                              ____/s/ Joseph A. Kronawitter_____

4