# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CLARA SEAMANDS, RONALD LOCKHART, )
GLENN BURROWS, DANA MCDONALD, )
THOMAS HAMPTON individually and on )
behalf of a class of others similarly situated, )
                                                               )
                **Plaintiffs**            )
v.                                                           )  Case No. 09-cv-02054-JWL-KGS

**SEARS HOLDINGS CORPORATION**

and

**SEARS, ROEBUCK AND CO.**

and

**SEARS OUTLET STORES, LLC**
Serve: CT Corporation Systems
      208 S. LaSalle Street, Ste. 814
      Chicago, Illinois 60604

and

**SEARS HOLDINGS MANAGEMENT**
  **CORPORATION**
Serve: CT Corporation Systems
      208 S. LaSalle Street, Ste. 814
      Chicago, Illinois 60604

                **Defendants.**

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs Clara Seamands, Ronald Lockhart, Glenn Burrows, Dana McDonald and Thomas Hampton (collectively referred to as the "Plaintiffs"), individually and on behalf of those similarly situated, bring this Second Amended Class Action Complaint against Defendants, Sears Holdings Corporation, Sears Outlet Stores, LLC, Sears Holdings Management Corporation

and Sears, Roebuck and Co. (referred to collectively herein as "Sears" or "Defendants") and allege as follows:

## PRELIMINARY STATEMENT

1. The Plaintiffs bring this action against Defendants for unpaid wages and related penalties related to sales commissions, including both percentage commissions and fixed dollar amounts (herein "commissions" shall be understood to refer to both percentage commissions and fixed dollar amount commissions). This action is based on Defendants' policy and practice of denying employees who work, or worked, in Defendants' retail stores the full payment owed for some or all commissions.

2. The Plaintiffs were employed, or currently are employed, by Defendants as retail sales representatives in Defendants' retail stores (herein "retail stores" shall be understood to refer to "Sears" branded full-line and outlet stores).

3. Upon information and belief, Defendants have failed to pay the Plaintiffs the proper commissions due to them pursuant to their employment contracts and/or agreements to pay commissions.

4. Although Defendants knew or should have known about their failure to pay the Plaintiffs all commissions due, they denied and continue to deny the Plaintiffs their proper pay. Defendants' actions were willful and in violation of the law given their notice of systemic failures within their inventory, sales and commissions systems.

5. As a result, the Plaintiffs bring this class action on behalf of themselves and on behalf of all of those similarly situated past and present employees of Sears.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, partially codified at 28 U.S.C. § 1332(d).  This is a putative class action in which: (1) there are 100 or more members in the Plaintiffs' proposed classes, (2) at least some members of the proposed classes have a different citizenship from Sears, and (3) the claims of the Plaintiffs and the proposed class and subclass members exceed $5,000,000.00 in the aggregate.

7.     In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiffs' claims, because they derive from a common nucleus of operative fact and are part of the same case or controversy.

8.     The Court is also empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9.     Venue in this district is proper pursuant to 28 U.S.C. § 1391, because Sears Roebuck and Co. is a New York corporation and Sears Holdings Co. is a Delaware corporation.  Both are licensed to and currently doing business in Kansas, and one or more Plaintiffs reside in this District.

## PARTIES

10.     Defendant Sears Holdings Corporation is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois.  Defendant Sears Holdings Corporation is the parent corporation for Sears, Roebuck and Co., Sears Outlet Stores LLC and Sears Management, Inc.

11.     Defendant, Sears Outlet Stores, LLC is a Delaware limited liability corporation with its principal place of business in Hoffman Estates, Illinois.

12. Defendant, Sears Holdings Management Corporation is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois.

13. Defendant Sears, Roebuck and Co. is a New York corporation with its principal place of business in Hoffman Estates, Illinois.

14. Sears employs commissioned employees, including the Plaintiffs, at its retail stores located in many states across the country.

15. Plaintiff Seamands resides in Tonganoxie, Kansas. Plaintiff Seamands has worked for Defendants during the relevant statutory time period as a retail sales representative selling Defendants' products and services from approximately October 2007 to the present in Defendants' outlet stores in Kansas City, Missouri.

16. Plaintiff McDonald resides in Kansas City, Missouri. Plaintiff McDonald worked for Defendants during the relevant statutory time period as a retail sales representative selling Defendants' products and services from approximately April 2007 to the present in Defendants' outlet stores in Kansas City, Missouri.

17. Plaintiff Lockhart resided in Independence, Missouri until October, 2008 and currently lives in Jamestown, New York. Plaintiff Lockhart worked for Defendants during the relevant statutory period as a retail sales representative selling Defendants' products and services from approximately July 2007 to the present in Defendants' outlet stores in Kansas City, Missouri.

18. Plaintiff Burrows resides in Kansas City, Missouri. Plaintiff Burrows has worked for Sears during the relevant statutory time period as a retail sales representative selling Defendants' products and services from approximately October 1998 to the present in Defendants' full-line and outlet stores in Kansas City, Missouri.

19. Plaintiff Thomas Hampton resides in Gladsone, Missouri. Plaintiff Hampton has worked for Sears during the relevant statutory time period as a sales representative selling Defendants' products and services from approximately 1997 to present in Defendants' full-line stores in Kansas City and Liberty, Missouri.

## **FACTS**

20. In their capacity as employees of Sears, the Plaintiffs and the proposed class and subclass members were entitled to be paid certain commissions

21. Based on this agreement they were to be paid commissions for products and services they sold for the Defendants' benefit.

22. Upon information and belief, the Plaintiffs and the proposed class and subclass members were customarily and regularly denied commissions owed.

23. Upon information and belief, the Plaintiffs and the proposed class and subclass members were customarily and regularly denied notice of reduction in commission percentages and amounts.

24. The Plaintiffs notified Defendants on many occasions verbally and in writing about Defendants' failure to pay them commissions owed.

25. Upon information and belief, the Plaintiffs opened cases regarding Sears' failure to pay them appropriately with the Human Resources/88Sears system and such cases were routinely closed without action taken to remedy the failure to pay, and Plaintiffs' claims were shuffled between HR locations in India and the United States.

26. Upon information and belief, Defendants have admitted that some of the commissions owed were not paid.

27. Even so, Defendants failed to take prompt action to fully resolve the problems, accurately reimburse the Plaintiffs, remedy their systemic payment problems and instead, allowed the problems to persist.

## MULTI-STATE CLASS ACTION ALLEGATIONS

28. Unless otherwise specifically stated herein, and pursuant to Fed.R.Civ.P. 23, this action is instituted by Plaintiffs Seamands, Lockhart, Burrows, McDonald and Hampton on their own behalf and on behalf of a nationwide Class ("The Class") defined as:.

> All persons living in the United States who, since 1999 to the present, worked for Defendants' full-line or outlet stores at any time and whose compensation was based on or partially based on percentage and/or fixed dollar commissions.

29. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendants have employed at least 1,000 individuals who fall within the proposed Class.

30. There are questions of law and fact common to this Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether Defendants unlawfully failed to pay commissions in violation of wage and hour commission laws and other similar state laws;

(b) Whether Defendants unlawfully failed to provide notice of commission rates and/or amounts and changes to the same;

(c) Whether Defendants were unjustly enriched by their failure to pay commissions owed and or by their conversion of monies owed to Plaintiffs;

(d) Whether equitable principals require that Plaintiffs be reimbursed for monies owed to them;

(e) Whether Defendants failed to keep accurate records for all items and services sold by the Plaintiffs and the Class;

   (f)  The proper measure of damages sustained by the Plaintiffs and the Class;

   (g)  Whether Defendants' actions were willful; and

   (h)  Whether Defendants should be enjoined from such violations in the future.

31. The Plaintiffs' claims are typical of those of the Class. The Plaintiffs, like other members of the Class, were subjected to Defendants' practice of failing to pay proper commissions.

32. The Plaintiffs will fairly and adequately protect the interests of the Class, and have retained counsel experienced in complex and class action litigation.

33. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, where individual Plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

34. Class certification of the claims is appropriate pursuant to Fed. F. Civ. P. 23(b)(1) because the prosecution of separate actions by individual members of the Class would create a risk of duplicative litigation that might result in inconsistent or varying adjudications.

35. Class certification of the claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate declaratory and injunctive relief. The Class is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for the Defendants' benefit.

36. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available

methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Class the commissions to which they are entitled. The damages suffered by the individual Class members are small compared to the expense and burden of individual prosecution of this litigation.

## MISSOURI SUBCLASS ALLEGATIONS

37. Unless otherwise specifically stated herein, and pursuant to Fed.R.Civ.P. 23, this action is instituted by Plaintiffs, Lockhart, Burrows, McDonald and Hampton ("The Missouri Plaintiffs") on their own behalf and on behalf of a Missouri Subclass.

38. The Missouri Subclass is defined as:

> All persons living in the State of Missouri who, since 1999 to the present, worked for Defendants' full-line or outlet stores at any time and whose compensation was based on or partially based on percentage and/or fixed dollar commissions.

39. The persons in the Subclass identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendants have employed at least 1,000 individuals who fall within the proposed Subclass.

40. There are questions of law and fact common to this Subclass that predominate over any questions solely affecting individual members of the Missouri Subclass, including but not limited to:

   (a) Whether Defendants unlawfully failed to pay sales commissions in violation of and within the meaning of the Missouri Merchandising Practices Act, R.S.Mo. § 407.911 *et seq.*;

   (b) Whether Defendants unlawfully failed to provide notice of commission rates and/or amounts and changes to the same;

   (c) Whether Defendants unlawfully failed to pay commissions in violation of wage and hour commission laws and other similar state laws;

  (d)  Whether Defendants were unjustly enriched by their failure to pay commissions owed and or by their conversion of monies owed to Plaintiffs;

  (e)  Whether equitable principals require that Plaintiffs be reimbursed for monies owed to them;

  (f)  Whether Defendants failed to keep accurate records for all items and services sold by the Missouri Plaintiffs;

  (g)  The proper measure of damages sustained by Missouri Plaintiffs and the Missouri Subclass;

  (h)  Whether Defendants' actions were willful; and

  (i)  Whether Defendants should be enjoined from such violations in the future.

41. The Missouri Plaintiffs' claims are typical of those of the Missouri Subclass. Plaintiffs, Lockhart, McDonald Burrows and Hampton, like other members of the Missouri Subclass, were subjected to Defendants' practice of failing to pay proper commissions.

42. The Missouri Plaintiffs will fairly and adequately protect the interests of the Missouri Subclass, and have retained counsel experienced in complex and class action litigation.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

44. Class certification of the claims is appropriate pursuant to Fed. F. Civ. P. 23(b)(1) because the prosecution of separate actions by individual members of the Missouri Subclass would create a risk of duplicative litigation that might result in inconsistent or varying adjudications.

45. Class certification of the claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the

Missouri Subclass, thereby making appropriate declaratory and injunctive relief. The Missouri Subclass is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for the Defendants' benefit.

46.   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Missouri Subclass predominate over any questions affecting only individual members of the Missouri Subclass, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Missouri Subclass the commissions to which they are entitled. The damages suffered by individual members of the Missouri Subclass are small compared to the expense and burden of individual prosecution of this litigation.

## KANSAS SUBCLASS ALLEGATIONS

47.   Unless otherwise specifically stated herein, and pursuant to Fed.R.Civ.P. 23, this action is instituted by Plaintiff Seamands ("The Kansas Plaintiff") on her own behalf and on behalf of a Kansas Subclass.

48.   The Kansas Subclass is defined as:

> All persons living in the state of Kansas, who, since 2004 to the present, worked for Defendants' full-line or outlet stores at any time and whose compensation was based on or partially based on percentage and/or fixed dollar commissions.

49.   The persons in the Kansas Subclass identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendants have employed at least 1,000 individuals who fall within the proposed Subclass.

50. There are questions of law and fact common to this Subclass that predominate over any questions solely affecting individual members of the Kansas Subclass, including but not limited to:

   (a) Whether Defendants unlawfully failed to pay sales commissions in violation of and within the meaning of the Kansas Wage Payment Act, K.S.A. § 44-313 *et seq.*;

   (b) Whether Defendants unlawfully failed to provide notice of commission rates and/or amounts and changes to the same;

   (c) Whether Defendants unlawfully failed to pay commissions in violation of wage and hour commission laws and other similar state laws;

   (d) Whether Defendants were unjustly enriched by their failure to pay commissions owed and or by their conversion of monies owed to Plaintiffs;

   (e) Whether equitable principals require that Plaintiffs be reimbursed for monies owed to them;

   (f) Whether Defendants failed to keep accurate records for all items and services sold by the Kansas Subclass;

   (g) The proper measure of damages sustained by Kansas Plaintiff and the Kansas Subclass;

   (h) Whether Defendants' actions were willful; and

   (i) Whether Defendants should be enjoined from such violations in the future.

51. The Kansas Plaintiff's claims are typical of those of the Kansas Subclass. Plaintiff Seamands, like other members of the Kansas Subclass, was subjected to Defendants' practice of failing to pay proper commissions.

52. The Kansas Plaintiff will fairly and adequately protect the interests of the Kansas Subclass, and have retained counsel experienced in complex and class action litigation.

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

54. Class certification of the claims is appropriate pursuant to Fed. F. Civ. P. 23(b)(1) because the prosecution of separate actions by individual members of the Kansas Subclass would create a risk of duplicative litigation that might result in inconsistent or varying adjudications.

55. Class certification of the claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Kansas Subclass, thereby making appropriate declaratory and injunctive relief.  The Kansas Subclass is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for the Defendants' benefit.

56. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Kansas Subclass predominate over any questions affecting only individual members of the Kansas Subclass, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants' common and uniform policies and practices denied the Kansas Subclass the commissions to which they are entitled.  The damages suffered by individual members of the Kansas Subclass are small compared to the expense and burden of individual prosecution of this litigation.

**COUNT I-VIOLATION OF WAGE AND HOUR COMMISSION LAWS (THE CLASS)**

57. The Plaintiffs reassert and incorporate by reference the allegations in the preceding paragraphs.

58. At all times relevant to this action, the Plaintiffs and Class members were employed by Defendants in retail stores throughout the United States and in each state, were compensated in part or in whole through commissions.

59. Defendants violated and continue to violate wage and hour commission laws in each state where Defendants operate by failing to pay all commissions due to the Plaintiffs and Class members. A list of the applicable state wage and hour laws at issue is attached hereto as Exhibit A.

60. In addition, in some states Defendants further violated wage and hour commission laws by failing to provide Plaintiffs and Class members with notice of reductions in commission rates and schedules. A list of the applicable state notice laws at issue is attached hereto as Exhibit B.

61. Defendants' policy and practice of failing and refusing to pay commissions due and/or provide notice of commission changes to the Class and Plaintiffs is willful.

62. The Plaintiffs and members of the Class seek actual damages equal to the amount of commission due and owing, and such other legal and equitable relief from Defendants' unlawful conduct as the Court deems just and proper, including interest and attorneys' fees.

**COUNT II-MISSOURI MERCHANDISING PRACTICES ACT, R.S.MO. §407.911 ET SEQ.**
**(THE MISSOURI SUBCLASS)**

63. The Missouri Plaintiffs reassert and incorporate by reference the allegations in the preceding paragraphs.

64. At all times relevant to this action the Missouri Plaintiffs and members of the Missouri Subclass were "sales representatives" within the meaning of the Missouri Merchandising Practices Act, R.S.Mo. § 407.911 *et seq*.

65. At all times relevant to this action, Defendants were "Principals" within the meaning of the Missouri Merchandising Practices Act, R.S.Mo. § 407.911 *et seq*.

66. At all times Missouri Plaintiffs and members of the Missouri Subclass were entitled to commission payments R.S.Mo. § 407.911 *et seq*.

67. Defendants maintain a policy and practice of failing and refusing to properly pay commissions due to the Missouri Plaintiffs and the Missouri Subclass.

68. Defendants' course of conduct, specifically this failure to pay all commissions due to the Missouri Plaintiffs and members of the Subclass, violated the Missouri Merchandising Practices Act, R.S.Mo. § 407.911 *et seq*.

69. The Missouri Plaintiffs, on behalf of themselves and the Missouri Subclass, seek actual damages equal to the amount of commission due and owing, as provided by the Missouri Merchandising Practices Act, R.S.Mo. § 407.911 *et seq.*, and such other legal and equitable relief from Defendants' unlawful conduct as the Court deems just and proper, including interest and attorneys' fees.

### COUNT III-KANSAS WAGE PAYMENT ACT, K.S.A. § 44-313 ET SEQ.
### (THE KANSAS SUBCLASS)

70. The Kansas Plaintiff reasserts and incorporates by reference the allegations in the preceding paragraphs.

71. At all times relevant to this action, the Kansas Plaintiff and the Kansas Subclass were employed by Defendants within the meaning of the Kansas Wage Payment Act, K.S.A. § 44-313.

72. Defendants' course of conduct described above violated the Kansas Wage Payment Act, K.S.A. § 44-313, *et seq.*, in relevant part, by failing to pay all commissions due to the Kansas Plaintiff and the Kansas Subclass.

73. The Kansas Wage Payment Act, K.S.A. §§ 44-314, 44-315 and 44-316 require employers like the Defendants to pay all wages due to their employees. The term "wages" is defined by the Kansas Wage Payment Act to include "commissions." K.S.A. § 44-313(c).

74. Defendants maintain a policy and practice of failing and refusing to pay commissions due to the Kansas Plaintiff and the Kansas Subclass.

75. As a result of Defendants' failure to pay the proper commissions, and its decision to withhold these commissions to the Kansas Plaintiff and the Kansas Subclass, Defendants have violated and continues to violate Kansas law.

76. Defendants' failure to pay the Kansas Plaintiff and the Kansas Subclass all their commissions dues is willful and in violation of the Kansas Wage Payment Act, K.S.A. §§ 44-314 and 44-315 (a) and (b).

77. The Kansas Plaintiff, on her own behalf and on behalf of the Kansas Subclass, seek damages equal to the amount of commission due and owing, as provided by the Kansas Wage Payment Act, and such other legal and equitable relief from Defendants' unlawful conduct as the Court deems just and proper, including interest and attorneys' fees.

**COUNT IV-BREACH OF CONTRACT (THE CLASS)**

78. The Plaintiffs reassert and incorporate by reference the allegations in the preceding paragraphs.

79. Defendants entered into a contract, express or implied, with the Plaintiffs and the Class under which these individuals would earn and be paid by Defendants commissions for work performed for Defendants.

80. Defendants breached this contract by its course of conduct explained above.

81. Upon information and belief, Defendants' breach was willful and not the result of mistake or inadvertence.

82. As a direct result of Defendants' unlawful conduct, the Plaintiffs and the Class have suffered a loss of these commissions.

83. The Plaintiffs, on behalf of themselves and the Class, seek actual damages equal to the amount of commission due and owing and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

### COUNT V-QUANTUM MERUIT (THE CLASS)

84. The Plaintiffs reassert and incorporate by reference the allegations in the preceding paragraphs.

85. The Plaintiffs and the Class conferred a benefit upon Defendants by working on Defendants' behalf without being paid the commissions they were promised and due and without being provided notice of reductions in commissions.

86. Defendants have an appreciation or knowledge of the benefit conferred by these individuals.

87. Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

88. The Plaintiffs, on behalf of themselves and the Class, seek actual damages equal to the amount of commission due and owing and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

### COUNT VI-PROMISSORY ESTOPPEL (THE CLASS)

89. The Plaintiffs reassert and incorporate by reference the allegations in the preceding paragraphs.

90. Defendants reasonably expected to induce the Plaintiffs and the Class, and did induce these individuals to rely on Defendants' promises relating to the payment of commissions.

91. The Plaintiffs and the Class reasonably relied on Defendants' promises.

92. The Plaintiffs and the Class relied to their detriment on promises and representations made to them by the Defendants regarding the payment of commissions.

93. Defendants refused to honor promises made to the Plaintiffs, by failing to pay amounts promised and by changing commissions without notice and such behavior was willful and not the result of mistake or inadvertence.

94. As a direct result of Defendants' unlawful conduct, the Plaintiffs and the Class have suffered a loss of commissions.

95. The Plaintiffs, on behalf of themselves and the Class, seek actual damages equal to the amount of commission due and owing and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## COUNT VII-UNJUST ENRICHMENT (THE CLASS)

96. The Plaintiffs reassert and incorporate by reference the allegations in the preceding paragraphs.

97. By failing to provide the Plaintiffs and the Class with the commissions they were due and notices of reduction in commissions, Defendants obtained substantial benefits and have been unjustly enriched. Defendants' conduct was willful and not the result of mistake or inadvertence. It would be inequitable for Defendants to retain the benefits received.

98. As a direct result of Defendants' unlawful conduct, the Plaintiffs and the Class have suffered a loss of commissions.

99. The Plaintiffs, on behalf of themselves and the Class, seek actual damages equal to the amount of commission due and owing, disgorgement of Defendants' ill-gotten profits and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## COUNT VIII-CONVERSION (THE CLASS)

100. The Plaintiffs reassert and incorporate by reference the allegations in the preceding paragraphs.

101. The Plaintiffs and the Class were entitled to the commissions they earned while working as employees of Defendants.

102. By not paying the commissions earned and owing, Defendants took possession of the commissions with the intent to exercise control.

103. Defendants thereby deprived the Plaintiffs and the Class of their right to possession of the commissions.

104. The Plaintiffs, on behalf of themselves and the Class, seek actual damages equal to the amount of commission due and owing and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Seamands, Lockhart, Burrows, Hampton and McDonald on behalf of themselves and members of the Class and Subclasses pray for relief as follows:

A. Certification of this class action lawsuit pursuant to Fed. R. Civ. P. 23 and appointment of Plaintiffs and their Counsel to represent the Class, the Missouri Subclass and the Kansas Subclass;

B. Judgment against Defendants for unpaid commissions and reductions in commissions;

C. Disgorgement of Defendants' ill-gotten gains stemming from their conduct described above;

D. Penalties under applicable wage and hours commissions laws including but not limited to the Missouri Merchandising Practices Act, R.S.Mo. § 407-911 *et seq.*, and the Kansas Wage Payment Act, K.S.A. §§ 44-313 *et seq.*;

E. Declaratory judgment that Defendants' practices violate the law;

F. Injunctive relief to prohibit Sears from failing to pay proper commission amounts, failing to provide notice of commission reductions, and continuing to use an outdated computer system that is known to have systemic problems and results in failure to pay proper commissions;

G. Attorney's fees and costs incurred prosecuting this claim;

H. An award of prejudgment interest;

I. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiffs on behalf of themselves, the Class, and the Kansas and Missouri Subclasses, request a trial by jury on all issues that may be tried by jury.

## DESIGNATION OF PLACE OF TRIAL

The Plaintiffs on behalf of themselves, the Class and the Missouri and Kansas Subclasses designate Kansas City, Kansas as the place for trial.

Respectfully submitted,

Diane M. Breneman  #14125
Stacey L. Dungan  #13443
BRENEMAN DUNGAN, L.L.C.
311 Delaware
Kansas City, MO 64105
(816) 421-0114
FAX (816) 421-0112
db@litigationkc.com

and

___/s/ Joseph A. Kronawitter_____
Robert A. Horn
Joseph A. Kronawitter  #19665
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd., Ste. 1100
Kansas City, MO 64108
(816) 421-0700
FAX (816) 421-0899
rhorn@hab-law.com
jkronawitter@hab-law.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2nd, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all person registered for ECF as of that date.

___/s/ Joseph A. Kronawitter_____