# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLARA SEAMANDS, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 09-cv-02054-JWL-KGS |
| SEARS HOLDINGS CORPORATION *et al.*, | ) ) ) |
| Defendants. | ) |

## PRELIMINARY APPROVAL ORDER

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Unopposed Motion for Order Conditionally Certifying Settlement Class, Preliminarily Approving Class Action Settlement, Directing Distribution of Class Notice, Setting Hearing for Final Approval of Class Action Settlement and Appointing Class Counsel (Doc. # 121) (the "Unopposed Motion");

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties for purposes of settlement and that venue is proper in this district;

WHEREAS, the Court has considered the Unopposed Motion, the Settlement Agreement and exhibits thereto, and all other documentary evidence submitted concerning the Unopposed Motion, and is otherwise fully advised in the premises and on considering the record of these proceedings, the representations, argument, and recommendation of counsel for the parties, and the requirements of law, IT IS HEREBY ORDERED THAT:

**I.    PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT**

The terms of the Joint Stipulation of Settlement and Release between the Class Representatives on behalf of themselves and the Settlement Class (the "Plaintiffs") and (2) Sears Outlet Stores, LLC., together with its corporate parents, subsidiaries, predecessors and siblings, ("Defendants"), dated May 20, 2010, including all exhibits thereto (the "Proposed Settlement Agreement" or "Proposed Settlement") are preliminarily approved, subject to further

consideration thereof at the Fairness Hearing provided for below.  Unless otherwise provided herein, the terms defined in the Proposed Settlement Agreement shall have the same meaning in this Order.  The Proposed Settlement was entered into at arms-length by experienced counsel and only after extensive arms-length negotiations.  The Proposed Settlement is not the result of collusion.  The Proposed Settlement bears a probable, reasonable relationship to the claims alleged by Plaintiffs and the litigation risks of Plaintiffs as well as Defendants.  The Proposed Settlement is sufficiently within the range of reasonableness so that notice of the Proposed Settlement should be given as provided by this Order.

II.     **PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS**

For settlement purposes only, this case meets the class certification requirements of Federal Rule of Civil Procedure 23.  The following Settlement Class is preliminarily certified for settlement purposes in accordance with Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All non-exempt employees who worked in a Sears Outlet Store outside of the state of California who sold a Covered Item during the Covered Period who do not timely opt out, excluding the Court, and members of the Court's immediate family.

The Court is exercising its discretion and preliminarily certifying the Settlement Class for settlement purposes only and has not determined whether the Action could properly be maintained as a class action on behalf of the Settlement Class for purposes of trial.  The Court recognizes that if the Settlement Class is not certified at the Certification Hearing, the settlement is not finally approved by the Court following the Fairness Hearing, and/or if the Class Settlement Agreement is terminated for any reason, the Class Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity and the fact of the settlement reflected in this Class Settlement Agreement, that Defendants did not

oppose the certification of any class under this Settlement Agreement, or that the Court preliminarily approved the certification of any settlement class, shall not be used or cited thereafter by any person or entity, including in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class.

### III. APPROVAL OF SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL

The nomination by Settlement Class Counsel of the following persons to serve as provisional Class Representatives is hereby approved: Clara Seamands, Ronald Lockhart, Glenn Burrows and Dana McDonald.

The following are hereby provisionally approved as Class Counsel: Robert A. Horn, Joseph A. Kronawitter, Diane M. Breneman and Stacey L. Dungan.

### IV. NOTICE TO SETTLEMENT CLASS

The Court finds that the class notice ("Class Notice") program set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances for this Settlement Class, and is due and sufficient notice to the Settlement Class, and the Class Notice fully satisfies the requirements of due process and Rule 23(c)(2)(B). The Court directs the parties to provide Notice to the Class in the form of the Notice of Class Action Settlement attached to the Settlement Agreement as Exhibit D. Notice to Class Members will be given by mail. Notice shall be sent within ten (10) days after entry of this Order.

### V. NOTICE REQUIRED BY 28 U.S.C. § 1715

Defendants shall provide the requisite notice required by 28 U.S.C. § 1715 within ten (10) days after entry of this Order.

## VI. OPT OUT PROVISION

Settlement Class Members are permitted to opt out of this Settlement via an opt-out procedure. To opt out of the Settlement, Class Members must send a written statement to the Settlement Administrator, with copies to Class Counsel and Defendants' Counsel, postmarked by **September 2, 2010**, and provide their name, the dates and locations where they worked for Defendant, and must sign a statement stating that "I understand that I am requesting to be excluded from the class monetary Settlement and that I will receive no money from the Settlement. I understand that if I am excluded from the class, I may bring a separate legal action seeking damages, but might recover nothing or less than what I would have recovered if I filed a claim under the class monetary provisions in this case."

## VII. FINAL APPROVAL HEARING

The Court hereby schedules a Final Approval Hearing to determine whether the Settlement should be approved as being fair, reasonable, and adequate, and in the best interests of the Settlement Class and why judgment should not be entered thereon. The hearing will take place on **Monday, October 4, 2010 at 10:30 a.m**. The Final Approval Hearing may, without further notice to the Settlement Class, be continued or adjourned by Order of the Court. However, the Final Approval Hearing will not take place less than one hundred (100) days after the date of this Order.

Any person who objects to the Settlement may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing (or at such other time as may be directed by the Court) to present any evidence or argument that may be proper and relevant. However, no such person shall be heard and no papers, briefs, pleadings, or other documents submitted by any person shall be received and considered by the Court unless no later than 30 days before the date of the Final Approval Hearing, such person files a written objection with the Court and serves a

copy of the written objection on Class Counsel and Defendants' Counsel. Any person who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action.

## VIII. ATTORNEYS' FEES AND COSTS

Class Counsel may apply for an order awarding attorney's fees and costs, and for an award of class representative incentive awards for the named Plaintiffs ("Fee Motion"). The Court will permit only a single request from all counsel for plaintiffs for attorneys' fees and costs. Class Counsel shall file their Fee Motion on behalf of all persons seeking attorneys' fees and costs pursuant to this Settlement. Any fees and costs awarded by the Court will be paid by Defendants. Class Counsel's Fee Motion shall be filed no later than forty-five (45) days after entry of this Order.

## IX. MODIFICATIONS

Prior to entry of a final order and judgment in this case, the Settlement Agreement may, with approval of the Court, be modified by written agreement of Class Counsel and Defendants' Counsel in their discretion without giving any additional notice to the Class (other than the notice given with respect to the settlement and the Final Approval Hearing), provided that such modifications in the aggregate are not materially adverse to the Class.

DATED: June 24, 2010

s/ John W. Lungstrum
Honorable John W. Lungstrum
United States District Court Judge