IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLARA SEAMANDS, *et al.*, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 09-cv-02054-JWL-KGS |
| | ) |
| SEARS HOLDINGS CORPORATION *et al.*, | ) |
|     Defendants. | ) |

**FINAL ORDER AND JUDGMENT CERTIFYING SETTLEMENT CLASS,
APPROVING CLASS ACTION SETTLEMENT AND
<u>AWARDING ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS</u>**

This matter came before the Court on the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement [Doc. 138].

**WHEREAS**, the Court preliminarily approved the Class Action Settlement in this case and preliminarily certified a Settlement Class on June 24, 2010 [Doc. 122];

**WHEREAS**, the Plaintiffs moved, unopposed, for Final Approval of the Settlement Agreement and final certification of the Settlement Class;

**WHEREAS**, pursuant to the terms of the preliminary approval order heretofore entered, this matter came on for a final approval and fairness hearing before the Court on October 4, 2010 at 10:30 a.m., with all parties represented by counsel.  The Court reviewed the entire record in this cause, including the papers filed in connection with the request for Final Approval and the affidavits and the argument of all counsel presented at the fairness hearing;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.	This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Judgment will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. This Court has jurisdiction over the subject matter of this action, the Plaintiff Class Representatives, the Settlement Class and Defendants, and venue is proper in this district.

3. Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement is GRANTED.

4. The Court finds that the Settlement Agreement is the product of good faith arms' length negotiations by the Parties, each of whom was represented by experienced counsel.

5. The Court finds that the class proposed for purposes of the settlement meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and hereby certifies a settlement class as follows:

> All non-exempt employees who worked in a Sears Outlet Store outside of the state of California who sold a Covered Item during the Covered Period who do not timely opt out, excluding the Court, and members of the Court's immediate family.

6. The Court finds that the notification provided for in the order preliminarily approving class settlement has been provided to the Settlement Class and the notice provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law.  The Notice apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed Settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the *res judicata* effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of the Settlement; of the identity of Class Counsel and of information necessary to contact Class Counsel; and of the right and opportunity to appear at the fairness hearing.

7. The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

8. Accordingly, the Court determines that, excluding Class Members that timely elected to opt-out of this Settlement, all other Settlement Class Members (hereinafter "Non-Opt Out Settlement Class Members") are bound by this Judgment in accordance with the terms provided herein.

9. Class Members that timely elected to opt-out of this Settlement are not subject to and are not bound by either the Settlement Agreement or this Judgment.[1]

10. This Court approves all terms set forth in the Settlement Agreement and the Settlement reflected therein, and finds that such Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Non-Opt Out Settlement Class Members, and the Parties to the Agreement are directed to consummate and perform its terms.  Specifically, within ten (10) days after the Settlement Effective Date, Defendants shall provide the settlement benefits consistent with the provisions of the Settlement Agreement.

11. In accordance with the Settlement Agreement, and the Release set forth in Section II(C) of that Agreement, each Class Representative and Non-Opt Out Settlement Class Member is hereby deemed and adjudged to have released, acquitted, and forever discharged Defendants to the extent set forth in the Settlement Agreement.

12. The Non-Opt Out Settlement Class Members are hereby forever enjoined and barred from asserting, instituting, or prosecuting, in any capacity, before any court or governmental agency, any action or proceeding against Defendants that asserts any claim released by such person(s) pursuant to the terms of the Settlement Agreement.

---

[1] For purposes of any necessary subsequent construction of this Judgment with respect to such excluded Class Members, the single Class Member who timely opted out of the Settlement is Alonzo Lewis.

3

13. In accordance with the Settlement Agreement and without affecting the finality of this Order and Judgment in any way, this Court hereby retains exclusive and continuing jurisdiction over the Non-Opt Out Settlement Class Members, the Class Action, the Settlement Class, the Class Representatives, Class Counsel, and Defendants, for all purposes including, but not limited to (i) supervising the implementation, enforcement, construction and interpretation of this Settlement Agreement, the preliminary approval order, and this Judgment, and (ii) supervising and enforcing the Settlement Agreement and the administration and payment of settlement benefits.

14. In addition, the Court finds that an incentive award in the amount of $1,500 for each Class Representative, Clara Seamands, Ronald Lockhart, Glenn Burrows and Dana McDonald, is appropriate and warranted under the circumstances. These incentive awards are to be paid by Defendants contemporaneous with the settlement benefits paid to the Non-Opt Out Settlement Class Members and separate and apart from the Settlement Payment.

15. In the event that this Settlement, in accordance with the terms of the Settlement Agreement, fails to become effective for any reason, the preliminary approval order and this Order and Judgment approving the Settlement shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of June 10, 2010.

16. At any time after entry of this Judgment, the Settlement Agreement may, with approval of the Court, be modified by written agreement of Defendants' counsel and Class Counsel in their discretion without giving any additional notice to the Class, provided that such modifications do not limit the rights of the Class Members under the Settlement Agreement.

17.Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason for delay and expressly directs that this Judgment be, and hereby is, entered as a final and appealable order.

**IT IS SO ORDERED**.

DATED:  This 5th day of October,  2010.

s/ John W. Lungstrum
Honorable John W. Lungstrum
United States District Judge