**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**Clara Seamands et al.,**

    **Plaintiffs,**

v.                                                               Case No. 09-2054-JWL

**Sears Holding Corporation;
Sears Roebuck and Co.; Sears Outlet
Stores, LLC; and Sears Holdings
Management Corporation,**

    **Defendants.**

## MEMORANDUM & ORDER

After settling this class action lawsuit, plaintiffs moved the court for an award of attorneys' fees in the amount of $242,172.00 and costs and expenses in the amount of $20,177.69. In a prior memorandum and order, the court awarded $73,052.50 in attorneys' fees and $8221.97 in costs and expenses. The court retained the motion under advisement with respect to the issues of who is entitled to receive the fee and how that fee should be distributed. Toward that end, the court directed plaintiffs to show good cause why the fee award in this case should not be distributed on a pro rata basis directly to those class members entitled to a fee; why notice should not be reissued to those class members who are entitled to a fee award in this case; and why plaintiffs should not bear the cost of that notice.

This matter is now before the court on plaintiffs' motion to reconsider in part the court's memorandum and order concerning the amount of the fee award and on plaintiff's response to the show cause order. As will be explained, the motion to reconsider is granted to the extent the

court awards plaintiffs an additional $10,960.25 in fees and is otherwise denied. The issues raised in the court's order to show cause are resolved as set forth below.

**I.     Standard**

Plaintiffs ask the court to reconsider certain aspects of its analysis in determining the fee award in this case. Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is appropriate when the court has misapprehended the facts, a party's position, or the controlling law. *Id.* It is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

**II.    The Fee Award**

In their motion to reconsider the fee award, plaintiffs challenge only the "hours reasonably expended" prong of the court's lodestar analysis and, within that prong, only two specific issues addressed by the court. Plaintiffs also challenge the court's conclusion that plaintiffs waived their request for fees incurred after September 9, 2010. The court addresses

2

each of these issues in turn.[1]

A.   *Time Spent Pursuing Claims Against Sears' Full-Line Stores*

In calculating the number of hours reasonably expended in this case, the court disallowed a significant number of hours that the court attributed to plaintiffs' efforts to pursue claims against Sears' full-line stores. As explained by the court in its memorandum and order, any fees incurred by counsel in connection with pursuing potential claims against Sears' full-line stores are not recoverable by plaintiffs because the settlement class was limited to Sears' outlet employees and claims against Sears' outlet stores. In disallowing these hours, the court concluded that the vast majority of hours spent by plaintiffs' counsel from July 21, 2009 through September 20, 2009 were devoted to trying to expand the case to include claims against Sears' full-line stores. The court drew this conclusion based on plaintiffs' failure to dispute defendants' contention that plaintiffs' counsel spent the vast majority of their time during this time period attempting to expand the case to include claims against Sears' full-line stores, plaintiffs failure to separate for the court those hours spent solely on the pursuit of full-line store claims and the court's own review of the record which revealed a significant number of hours spent on issues

---

[1] At the outset of their motion, plaintiffs assert that the total number of hours allowed by the court is "outrageously low" in that the net result is that the court "apparently concluded" that 1.5 hours of combined attorney and paralegal work per class member is "reasonable." The court, of course, concluded no such thing. It concluded that 307 hours of combined attorney and paralegal time was reasonable in light of the results obtained by plaintiffs and other appropriate factors. Plaintiffs' efforts to apportion these hours "per class member" flies in the face of their counsel's repeated insistence that they would have performed the same work in this case even if it had been a single-plaintiff case and that counsel's work was "indivisible."

3

relating to full-line stores.

In their motion to reconsider, plaintiffs assert that the court's disallowance of these hours is erroneous for two reasons. First, plaintiffs assert that the number of hours disallowed by the court is far more than defendant even suggested should be disallowed. Plaintiffs are incorrect. In fact, defendants, in their response to plaintiffs' initial motion for fees, argued that the court should disallow *all* time during the two-month period as a result of plaintiffs' unsuccessful efforts to expand the case. In any event, even if the court had disallowed more time than argued by Sears, this would not be a basis to reconsider the court's order. Regardless of defendants' position, it is the court's obligation to exclude from the lodestar calculation those hours not reasonably expended. *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998).

Second, plaintiffs contend that the court's underlying conclusion–that the vast majority of counsel's time during this period was spent attempting to expand this case to include claims against Sears' full-line stores–is simply wrong. In support of this argument, plaintiffs submit the deposition transcripts of Sears' corporate representatives (taken during the two-month window) as evidence that the substance of the depositions focused almost exclusively on Sears' outlet stores (because Sears' counsel objected to all questions concerning full-line stores). These transcripts, however, were not part of the record at the time the court issued its order on the motion for fees (though the transcripts, of course, were available to plaintiffs at that time). A motion for reconsideration, of course, is not the time for plaintiffs to make their strongest case. While these transcripts certainly show that plaintiffs, during the two-month window, were

4

engaged in work related to the outlet claims, the transcripts–just now submitted–cannot be used to undermine the court's earlier conclusion (made in the absence of the transcripts) that the vast majority of plaintiffs' time during the two-month window was focused on expanding the case to full-line stores.

Plaintiffs also claim that the court's conclusion about the two-month period is erroneous by showing that Sears' discovery responses during that window were exclusively related to outlet stores. Even so, the billing records submitted by plaintiffs' counsel suggest that most of the time plaintiffs' counsel spent reviewing Sears' responses was with an eye toward the drafting of a Golden Rule letter and subsequent motion to compel–both of which undisputedly concerned efforts to expand this case far beyond the claims of the settlement class in terms of substance and temporal scope. To the extent plaintiffs' counsel reviewed the substance of Sears' responses outside the context of their efforts to expand this case, such work is not obvious from the billing records themselves and it was plaintiffs' obligation to separate such work out for the court.

Nonetheless, plaintiffs' motion to reconsider has provided the court the opportunity to review this portion of its analysis with a fine-tooth comb and the court acknowledges that it may have been too heavy handed in disallowing hours during this specific two-month period despite the fact that the billing records and the record itself indicate that much of counsel's time during this window was, in fact, dedicated to pursing claims against Sears' full-line stores. Any concession that the court might make in this regard, however, does not help plaintiffs in the end. For if the court were to now go back and permit certain hours of work during this time period, then the court would necessarily go back and address the merits of defendants' argument that

5

a general reduction of the lodestar amount was appropriate on the grounds that plaintiffs' fee request was utterly disproportionate to the actual recovery obtained by plaintiffs. In its memorandum and order, the court rejected this argument because the reductions already made by the court–particularly the reduction of hours during the two-month time period at issue–largely eviscerated any initial proportionality concerns. In the absence of those significant reductions, the court, in all likelihood, would make a general reduction to the lodestar amount on proportionality grounds. For purposes of plaintiffs' motion to reconsider, then, plaintiffs have not shown that the court committed any error to their detriment.[2]

*B.     Block Billing*

In its memorandum and order, the court agreed with defendants that a reduction in the hours requested by plaintiffs was appropriate to account for the difficulty caused by counsel's practice of block billing. The court, however, rejected defendants' argument that each and every block-billed time entry should be disregarded and, instead, applied a general reduction of 30 percent of the hours identified as block-billed. In their motion to reconsider, plaintiffs contend that the court erred in its implementation of the 30 percent reduction because it reduced by one-

---

[2]During the two-month window defined above, plaintiffs' counsel also spent time responding to Sears' motion for judgment on the pleadings. The court reduced the hours spent by counsel as excessive–plaintiffs' counsel spent nearly 40 hours working on an 11-page response to the motion. In their motion to reconsider, plaintiffs assert that the court's reduction was improper and contend that if plaintiffs had not contested the motion then their claims would have been lost. The court, of course, did not suggest that plaintiffs should not have contested the motion and it permitted plaintiffs to recover fees for a reasonable amount of time to respond to the motion.

6

third all "block-billed" time without first removing from the universe of block-billed entries those entries that the court had already disallowed because they fell within the two-month time period described above. After carefully reviewing its own calculations, the court agrees with plaintiffs that it inadvertently "double dipped" in reducing plaintiffs' hours in this respect. The remedy, then, is to return to plaintiffs one-third of the "block billed" hours that fall within the two-month time period–calculations that plaintiffs have provided without specific objection by Sears. Therefore, the court awards an additional $10,960.25 in fees, calculated as follows: 0.8 hours by Mr. Horn at the hourly rate of $495; 3.15 hours by Mr. Kronawitter at the hourly rate of $325; 0.60 hours of associate time at the hourly rate of $200; 13 hours by Ms. Breneman at the hourly rate of $415; and 9.7 hours by Ms. Dungan at the hourly rate of $415.[3]

Plaintiffs also suggest that the court's 30 percent "across the board" reduction is inconsistent with the court's conclusion that some entries challenged by Sears as block-billed were, in fact, not block-billed. The court discerns no inconsistency and the court's decision to use a general reduction of 30 percent (as opposed to disallowing each and every block-billed entry in its entirety which, in all likelihood, would have resulted in greater prejudice to plaintiffs) was intended to account for the fact that not every entry challenged by Sears was, in the court's mind, block-billed. The court, then, declines to reconsider its order in this respect.

---

[3]Plaintiffs suggest that the court should return 17.5 hours to Ms. Breneman but also concede that the court inadvertently failed in the first instance to apply the 30 percent reduction to all of Ms. Breneman's block-billed entries. Specifically, the court applied the reduction to 75.5 hours of Ms. Breneman's time rather than the accurate total of 90.5 hours. The court, then, deducted 22.7 hours rather than 27.2 hours, giving Ms. Breneman 4.5 hours in her favor initially. The court subtracts those 4.5 hours from the 17.5 suggested by plaintiffs and returns 13 hours to Ms. Breneman.

7

*C.     Waiver of Portion of Fee Request*

In their reply brief to their supplemental motion for fees, plaintiffs requested $4158.00 in fees incurred from September 9, 2010 through October 6, 2010 in connection with administration of the settlement and preparing for and attending the fairness hearing on October 4, 2010. Because the specific amounts were clearly known to plaintiffs well before the filing of their November 4, 2010 supplemental motion for fees, the court determined that plaintiffs had waived this request by not setting forth the amounts until the filing of their reply brief on December 6, 2010. In their motion to reconsider, plaintiffs contend that the court erred in concluding that plaintiffs "did not mention these fees" until the filing of their reply brief and highlight earlier instances when plaintiffs indicated their intent to seek fees relating to time spent administering the settlement and seeing "this matter through to conclusion."

Plaintiffs have not shown that the court erred in concluding that plaintiffs waived this portion of their fee request. The court did not conclude that the request had been waived by failing to "preserve" the request in earlier briefing or in the supplemental motion. The court concluded that the request had been waived by failing to submit the specific amounts requested, along with billing statements supporting that request, at any time prior to the filing of the reply brief such that defendants never had an opportunity to challenge the substance of the specific request. Indeed, in their motion for reconsideration, plaintiffs concede that they did not file Exhibit 18–the document that, for the first time, set forth the specific amount requested and the underlying billing records for the time period in question–until the filing of their reply brief on

8

December 6, 2010. Clearly, plaintiffs had this information available to them when they filed their supplemental motion on November 4, 2010 and it needed to have been submitted with that supplemental motion to provide defendants an opportunity to challenge it. The request was waived.

## III. Costs and Expenses

Plaintiffs also move the court to reconsider that portion of its order declining to award costs associated with the deposition transcripts of Sears' four designated corporate representatives as plaintiffs did not demonstrate that the transcripts were necessarily obtained for use in the case as required by 28 U.S.C. § 1920. As the court explained, "there is no evidence in the record indicating that the depositions of these individuals were focused on plaintiffs' claims against Sears' outlet stores and, because these depositions occurred during the time frame when plaintiffs were vigorously pursuing their claims against Sears' full-line stores, the court concludes that these depositions primarily concerned plaintiffs' claims against the full-line stores."

In their motion to reconsider, plaintiffs contend that the court's conclusion was erroneous because, in fact, the deposition transcripts of these individuals reflect that the depositions were "almost exclusively focused on the outlet store issues because Sears' counsel objected to all discovery on retail claims and refused to allow the corporate witnesses to testify about retail claims." These transcripts, however, were not part of the record underlying plaintiffs' motion for fees and expenses. Plaintiffs submitted the deposition transcripts for the first time in

9

connection with their motion to reconsider. It is not disputed, then, that plaintiffs had not come forward with evidence that the depositions were focused on the outlet store claims at the time the court concluded that "no evidence in the record" supported the conclusion that the depositions were focused on outlet stores. Plaintiffs had every opportunity to submit the deposition transcripts in connection with their initial motion and they cannot now be heard to complain that the court erred in somehow failing to rely on evidence that was not before it.

Similarly, the court disallowed all travel expenses associated with the depositions of the corporate representatives because "there is no evidence from which the court could conclude that the depositions of the corporate representatives were focused on the outlet side of this case." In their motion to reconsider, plaintiffs again urge that the deposition transcripts demonstrate that the depositions, in fact, focused on plaintiffs' outlet claims. As explained above, the transcripts were not submitted until the filing of the motion to reconsider and plaintiffs have not shown that the court erred when it concluded that there was no evidence before it showing that the depositions were focused on plaintiffs' outlet store claims.

**IV.     Order to Show Cause**

While the court awarded fees and costs in its prior memorandum and order, the court retained under advisement the issues of who is entitled to actually receive the fee award in this case and how that fee award should be disbursed in light of the fact that plaintiffs had abandoned their efforts to obtain fees on a class-wide basis and decided to pursue fees on an individual basis for those class members residing in states whose wage payment statutes authorized the individual

10

party to recover fees. As the court explained in its order, plaintiffs' briefing on the fee issue reflected that plaintiffs had not fully thought through these specific issues in the particular context of this case and, as a result, the court directed plaintiffs to show good cause why plaintiffs' counsel should not at the outset retain 33% of the fee award and the underlying recovery in this case; why the remainder of the fee award should not be distributed on a pro rata basis directly to those class members entitled to a fee; why notice should not be reissued to those class members who are entitled to a fee award in this case; and why plaintiffs should not bear the cost of that notice.

Plaintiffs have timely responded to the show cause order and assert that, contrary to the court's suggestion, the full fee award should be paid directly to plaintiffs' counsel. According to plaintiffs, this court certified a settlement class in this case and approved the settlement as a class action under Rule 23 such that fees are appropriately awarded under Rule 23(h). In pertinent part, Rule 23(h) authorizes a district court in a certified class action to award reasonable attorney's fees and nontaxable costs "that are authorized by law or by the parties' agreement" after class members are provided notice of and opportunity to object to the motion. Fed. R. Civ. P. 23(h). As plaintiffs highlight, it is undisputed that notice and an opportunity to object were provided in this case to class members. Indeed, class members were advised that class counsel intended to apply for an award of fees and that any amount of fees would be paid by defendant "over and above the Settlement Payment" such that any award would not reduce any class member's recovery in any respect. No objections were filed. As argued by plaintiffs, then, Rule 23(h) contemplates payment of the fee award directly to counsel as opposed to class

11

members.  *See* Fed. R. Civ. P. 23(h) advisory committee's notes (2003).

The court is persuaded that Rule 23(h) provides the most appropriate mechanism for the distribution of the fee award in this case on the grounds that the court certified a settlement class and approved the settlement of this case as a class action under Rule 23.  To be sure, the motion for fees required the court to analyze the fee-shifting provisions of a handful of state wage payment statutes that, in turn, applied only to certain class members as opposed to the class as a whole.  In that respect, then, plaintiffs were not able to seek fees on a class-wide basis because there was simply no statute (and no agreement between the parties) authorizing fees that applied to the entire class.  Moreover, while each individual class member residing in a state that authorizes a fee award in the context of this case would be individually entitled to recover fees under those statutes if he or she had sued individually, the court is persuaded that those class members are not entitled to actual receipt of the fee award in this case.  Notably, those class members have elected to pursue (and ultimately settle) their claims through the mechanism of a class action and, in doing so, did not expect to receive a fee award in addition to whatever recovery they received under the settlement.  They were expressly notified that class counsel intended to seek a fee award for their work and no class member objected.  Indeed, if the court were to award the fees directly to individual class members, those class members in all likelihood would be unjustly enriched–for it is unlikely that any individual would have been able to secure a lawyer to pursue his or her claim on an individual basis in light of the exceedingly small amount of damages sustained by class members.  In such circumstances, Rule 23(h) recognizes the equitable power of the court to award reasonable fees in the class action setting

12

to class counsel. The entire fee award, then, shall be paid directly to class counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to reconsider is **granted in part and denied in part**. It is granted to the extent that the court awards plaintiffs an additional $10,960.25 in fees and it is otherwise denied. The entire fee award shall be paid directly to class counsel.

**IT IS SO ORDERED.**

Dated this 29th day of June, 2011, at Kansas City, Kansas.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge